The Honorable John F. Gibson, Jr. Prosecuting Attorney P.O. Box 573 Monticello, AR 71655
Dear Mr. Gibson:
This is in response to a request for an opinion forwarded to our office by Chief Deputy Prosecuting Attorney Joe D. Wray on the following question:
 May a coroner, appointed to fill an unexpired term, appoint his wife as a deputy coroner?
It is my opinion that a conflict of interest arises under these circumstances, assuming that the coroner acts alone in making the appointment. Arkansas Code of 1987 Annotated 14-14-1202, entitled "Ethics for County Government Officers and Employees," should be initially noted in this regard. Subsection (a) of 14-14-1202
(Supp. 1987) states as follows:
 Public Trust. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
The definition of "officers and employees" under 14-14-1202
includes "[a]ll elected county and township officers." See14-14-1202(b)(1) (Supp. 1987). One might contend that 14-14-1202
does not apply in this instance since the officer in question was appointed, not elected. While there are no cases directly on point, it may be concluded that a court would refuse to embrace this narrow construction. The appointment in this instance occurred by virtue of a vacancy in an elective office. The incumbent fills an elective position, albeit through appointment to serve the remainder of the elected official's term. A court would in all likelihood depart from the literal definition in this instance, since the alternative would seemingly create incongruities or defeat a major purpose of the legislation, contrary to well-established rules of statutory construction. See, e.g., Bird v. Pan Western Corp., 261 Ark. 56, 60, 546 S.W.2d 417
(1977).
The language of A.C.A. 14-14-1202(a) may reasonably be construed to preclude a coroner from using his office to secure employment for his wife, thereby advancing the "personal economic interest . . . of an immediate member of his family." This conclusion may also be compelled by A.C.A. 21-8-304(a) which states:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
It is therefore my opinion, based upon the foregoing, that a coroner who serves by virtue of an appointment to fill an unexpired term cannot use that office to secure his wife's appointment as deputy coroner.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.